[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13239
Non-Argument Calendar
_____

Agency No. A087-997-015


NIKHILKUMAR HASMUKHBHAI PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 28, 2014)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Nikhilkumar Hasmukhbhai Patel, a native and citizen of India, petitions for

review of the order of removal and the decision affirming the denial of his

application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.  See 8 U.S.C. §§ 1158, 1231.  The Board of Immigration Appeals affirmed the findings of the immigration judge that Patel's accounts of past persecution were not credible and that he had failed to establish that he was likely to be tortured if he returned to India.  We deny Patel's petition.

Patel abandoned any challenge he might have made to the denial of his application for asylum.  The immigration judge found Patel not credible based on his different accounts of persecution in his statements to border patrol agents and asylum officers, in his application, and in his testimony.  Patel contested the adverse credibility ruling in his appeal to the Board, where he argued that he was "confused by many of the questions he was asked" about the inconsistencies, but in his petition, Patel focuses exclusively on the merits of his requests for asylum and withholding of removal.  Patel abandoned his challenge to the adverse credibility ruling.  See Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Substantial evidence supports the finding that Patel is unlikely to be tortured if he returns to India.  The record is bereft of evidence that Patel would likely be tortured.  See 8 C.F.R. § 208.16(c).  Patel argues that he is entitled to

relief based on information in his declaration, but we cannot consider a document that Patel prepared after the Board dismissed his appeal.  We are required to "decide the petition only on the administrative record on which the order of removal is based."  8 U.S.C. § 1252(b)(4)(A).

We **DENY** Patel's petition for review.